Page 1 of 4

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TREVOR J. BRAZILL,**

    **Plaintiff,**

**vs.**                                   **Case No. 4:18cv111-RH/CAS**

**CHRISTOPHER DILLE,
and JONATHAN L. GUNTER,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

After the close of discovery, Defendants filed a motion for summary judgment, ECF No. 22, along with a motion to seal the video exhibits, ECF No. 23. That motion was granted, ECF No. 26, and Defendants were required to ensure Plaintiff was able to review the video. A subsequent motion for clarification, ECF No. 27, advised that Plaintiff had been released from custody and sought guidance in scheduling Plaintiff's review of the video exhibits as outlined in the prior Order. *Id.* at 2-3.

After confirming that Plaintiff had been released from the Department of Corrections in early March 2019, another Order was entered, ECF No.

28, noting that Plaintiff had not filed a notice of change of address. The Order stated that by failing to comply with the many orders which required Plaintiff to update his address, it appeared that Plaintiff had abandoned this litigation. *Id.* Plaintiff was required to file a change of address, and the Clerk was required to provide the Order to Plaintiff at this official address on the docket as well as an address provided by Defendants. *Id.* at 3.

Thereafter, another Order was entered which terminated Defendants' obligation to provide Plaintiff with a copy of the video footage. ECF No. 30. Doing so was deferred until Plaintiff filed a notice of his current address. *Id.* The Order again required Plaintiff to file a notice of change of address and demonstrate there was a continuing case and controversy between the parties. *Id.* Because Plaintiff had, thus far, not contacted the Court since filing a motion requesting an extension of time in February 2019, *see* ECF No. 19, it appeared that Plaintiff had abandoned this litigation.

That Order, ECF No. 30, has now been returned to the Court as undeliverable. The docket reveals that the Order was sent to multiple addresses in an effort to locate Plaintiff. ECF Nos. 30, 32. Because Plaintiff has not kept the Court informed of his mailing address since being

released from prison nearly five months ago,[1] it appears that this case should be dismissed for failure to prosecute and lack of a continuing case or controversy.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.  If either Plaintiff or Defendants object to the recommendation to dismiss this case, a motion for reconsideration or objections must be filed within fourteen days.

---

[1] The Department of Corrections' website shows that Plaintiff was released on March 4, 2019.

Case No. 4:18cv111-RH/CAS

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**